**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-1211**

_____

RUDY RICE,

                Plaintiff - Appellant,

     v.

HOWARD COUNTY GOVERNMENT,

                Defendant - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Albert David Copperthite, Magistrate Judge. (1:16-cv-03498-ADC)

_____

Submitted: November 30, 2018               Decided: December 13, 2018

_____

Before AGEE and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Denise M. Clark, Jeremy D. Greenberg, CLARK LAW GROUP, PLLC, Washington, D.C., for Appellants. Gary W. Kuc, County Solicitor, Cynthia G. Peltzman, Senior Assistant County Solicitor, Louis P. Ruzzi, Senior Assistant County Solicitor, Melissa E. Goldmeier, Assistant County Solicitor, HOWARD COUNTY OFFICE OF LAW, Ellicott City, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rudy Rice appeals the magistrate judge's order granting Howard County Government (the County) summary judgment on Rice's hostile work environment and retaliation claims, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e-2000e-17 (West 2012 & Supp. 2017), and the Maryland Human Relations Act, also referred to as the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't §§ 20-601 to 20-609 (West 2014).[*] Rice asserts on appeal that the magistrate judge erred in granting the County summary judgment because he presented sufficient evidence on both his claims to present his case to a jury. We discern no reversible error and affirm.

We have reviewed the record and have considered the parties' arguments. As to Rice's claim of a hostile work environment, we agree with the magistrate judge that a reasonable jury could not conclude that the alleged unwelcome conduct was imputable to the County. The alleged offenders were not Rice's supervisors, and the County's remedial actions were legally sufficient to eliminate any hostile work environment. *See Strothers v. City of Laurel, Md.*, 895 F.3d 317, 328, 332-33 (4th Cir. 2018) (setting forth elements of hostile work environment claim and differentiating between supervisor and coworker in determining if harasser's actions were imputable to employer); *EEOC v. Xerxes Corp.*, 639 F.3d 658, 670 (4th Cir. 2011) ("A remedial action that effectively

---

[*] Pursuant to 28 U.S.C. § 636(c) (2012), the parties consented to the jurisdiction of the magistrate judge.

stops the harassment will be deemed adequate as a matter of law." (internal quotation marks omitted)).

Turning to Rice's retaliation claim, we also agree with the magistrate judge that Rice failed to meet his burden of demonstrating that the County's nonretaliatory reason for Rice's termination was mere pretext and that his protected activity was the "but-for" cause of his termination. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).

Accordingly, we affirm the magistrate judge's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*